IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EMILY J. VANDERZANDEN**, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>**COMMISSIONER OF SOCIAL SECURITY**, <br><br>　　　　Defendant. | Case No. 3:23-cv-101-HL <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

　　On May 15, 2025, the Court reversed the decision of the Commissioner and remanded this case for further proceedings. On August 5, 2025, the Court granted Plaintiff's amended application for fees under the Equal Access to Justice Act ("EAJA").

　　Plaintiff's counsel now moves for attorney's fees of $31,449.34 pursuant to 42 U.S.C. § 406(b). ECF 34. This figure represents less than 25 percent of Plaintiff's retroactive benefits. Defendant stated that it "neither supports nor opposes Counsel's request for attorney's fees, but having given substantive consideration to the Motion, . . . found no basis to object." *Id.* at 1. Regardless, the Court must perform an independent review to ensure that the award is

PAGE 1 – ORDER

reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, Plaintiff's counsel's motion for fees is granted.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Id.* at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See id.* at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at

1148 (emphasis in original); *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and her counsel. Plaintiff agreed to pay attorney's fees up to 25 percent of the back benefits awarded or fees paid pursuant to the EAJA, whichever fee is greater. *See* ECF 34-3 at 1-2. Here, the requested § 406(b) fees represent less than 25 percent of Plaintiff's back benefits. Thus, the requested fee award is within the statutory maximum.

The Court next reviews whether a downward adjustment is necessary. Plaintiff's counsel is from a reputable and experienced law firm and there were neither issues with the character of the representation nor any unreasonable delay caused by counsel. Although Plaintiff's counsel requested one extension to file Plaintiff's opening brief, the Court concludes that the extension was not taken for dilatory purposes or to increase fees.[1] Plaintiff's counsel also obtained a favorable result following contested proceedings before Judge Hallman: a reversal and directed remand to the Commissioner.

The fee award also will not result in a windfall to Plaintiff's counsel. Plaintiff's counsel worked 29 compensable hours, and thus the effective hourly rate is $1,084.46. Similar effective hourly rates have been approved in this district. *See, e.g.*, *Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving *de facto* hourly rate of $1,240 for attorney

---

[1] *See* ECF 13, 14 (Plaintiff's counsel's unopposed motion for extension of time; declaration describing his and his family's contraction of COVID-19).

PAGE 3 – ORDER

time); *Breedlove v. Comm'r*, 2011 WL 2531174 (D. Or. June 24, 2011) (approving *de facto* hourly rate of $1,041.84); *Steven M. v. Comm'r*, 2020 WL 249990, at *2 (D. Or. Jan. 16, 2020) (approving *de facto* hourly rate of $1,900 for attorney time). The Court finds that no downward adjustment is necessary in this case.

## CONCLUSION

The Court GRANTS Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b), ECF 34. The Court awards Plaintiff's counsel attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $31,449.34. The Commissioner shall subtract the $7,303.36 counsel already received under EAJA, leaving a net award to Plaintiff's counsel of $24,145.98. Funds withheld by the Commissioner in anticipation of an order under § 406(b), less an administrative assessment pursuant to 42 U.S.C. § 406(d), may be paid to Plaintiff's counsel, Scott A. Sell, at THOMAS, COON, NEWTON & FROST, LLP, consistent with this Order. Any amount withheld after all administrative and court attorney fees are paid should be released to the claimant.

**IT IS SO ORDERED.**

DATED this 23rd day of February, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge